UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JAN 18 2006

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,        )
                                 )
　　Plaintiff/Respondent,         )
                                 )
                                 )
v.                               )   Crim. No. 98-0071 (TFH)
                                 )
                                 )
THOMAS FIELDS,                   )
                                 )
　　Movant/Defendant.             )

MEMORANDUM OPINION

Pending before the Court is the Defendant's Petition Filed Under 28 U.S.C. § 2255. Upon consideration of the parties' submissions and relevant portions of the record, the Court will deny the § 2255 motion.

I. BACKGROUND

Defendant was found guilty by a jury verdict on 40 counts of an indictment charging attempted murders, kidnaping, rape, a narcotics conspiracy, a RICO conspiracy, and multiple firearms offenses. *United States v. Fields*, 242 F.3d 393, 394-95 (D.C. Cir.), *on reh'g*, 251 F.3d 1041 (D.C. Cir. 2001). Defendant was sentenced to a life term plus 120 years. *Fields*, 242 F.3d at 395.

On defendant's direct appeal, the Circuit Court held that defendant's life sentences for the narcotics and RICO conspiracies, which were based on drug quantities determined by the trial judge, violated the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U. S. 466 (2000), and that the district court applied the incorrect guideline in determining the sentence for

kidnaping. *Fields*, 242 F.3d at 395-99.

The Court of Appeals granted the government's petition for rehearing and clarified its original decision. The Circuit Court stated that the *Apprendi* decision does not apply to enhancements that result in sentences that do not exceed the statutory maximum. *Fields*, 251 F.3d at 1043. In addition, the Court ruled that on remand, the government could argue that a life sentence could be imposed on defendant for the RICO conspiracy based on defendant's conviction for armed kidnaping. *Id.* at 1046. The case was remanded to the district court for a recalculation of defendant's sentence. *Id.*

On November 27, 2001, the district court resentenced defendant to life imprisonment plus 105 years. The sentence was affirmed on appeal. *United States v. Fields*, 325 F.3d 286, 290 (D.C. Cir.), *cert. denied*, 540 U.S. 961 (2003).

## I. DISCUSSION

Defendant raises the following grounds for relief: (1) his sentence is unconstitutional because it exceeds the statutory maximum for the offense of conviction; (2) newly discovered evidence entitles him to a new trial; and (3) the prosecutor suborned perjury and failed to disclose exculpatory evidence.

To support his claim that his sentence is unconstitutional, defendant cites the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). That decision was issued after defendant's conviction was final, upon the denial of his petition for writ of certiorari on October 14, 2003. *See Clay v. United States* 537 U.S. 522, 525 (2003)(conviction final when time for filing certiorari petition has expired). When a Supreme Court decision creates a new rule of criminal procedure, the new rule, with two limited exceptions, cannot be applied retroactively on

2

collateral review. *Teague v. Lane*, 489 U.S. 288, 310 (1989). In *Blakely*, the Court held that any fact that increases a sentence beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. *Blakely*, 542 U.S. at 303. Every court of appeals and judge of this court that has considered the issue has concluded that *Blakley* does not have retroactive effect. *United States v. Hawkins*, – F.3d –, 2005 WL 1660840 at *2 (D.D.C. July 11, 2005)(collecting cases). Defendant cannot rely, therefore, on the *Blakely* decision for relief.

To support his "newly discovered evidence" claim, defendant has submitted affidavits that purport to recant or dispute the testimony of witnesses at trial. Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, "[a]ny motion for a new trial grounded on newly discovered evidence *must* be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1)(emphasis supplied); *see also United States v. Hall*, 370 F.3d 1204, 1206 (D.C. Cir. 2004), *cert. denied*, 125 S.Ct. 936 (2005). Defendant was found guilty by jury verdict on June 1, 1999. The present motion was filed in September, 2004. Thus, defendant's "newly discovered evidence" claim is time-barred.

Defendant also alleges that the government violated his right to due process by sponsoring or failing to correct the false testimony of a government witness. A defendant is entitled to a new trial if he proves that there is a reasonable likelihood that evidence admitted at trial and known by the government to be false could have affected the jury verdict. *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *United States v. Price*, 357 F.Supp. 63, 69 (D.D.C. 2004). To prevail on this claim, defendant must show that (1) the evidence was actually false; (2) the prosecution knew or should have known that the testimony was false; and (3) the false testimony was material. *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003), *cert. denied*, 540 U.S. 1208 (2004); *Shasteen v. Saver*, 252 F.3d 929, 933 (7th Cir. 2001).

3

The testimony at issue concerned the gang rape of a victim identified as K.D. A government witness, Yusef Simmons, stated that defendant telephoned him at his place of employment, Sprint, and told him that they had a girl at the house. Defendant's § 2255 Motion, Exhibit A. Defendant alleges this testimony was false because Mr. Simmons did not begin employment until some time after the date of the telephone call. In support of his argument, defendant submits a memorandum from Sparks Personnel Services, Inc. indicating that Simmons' first date of employment was on September 9, 1996, after the phone conversation had taken place. *Id.*, Exhibit B.

Defendant's claim fails for several reasons. First, the evidence defendant presents does not establish that Simmons' testimony was false. Simmons could have been working for Sprint and not through Sparks Personnel Services.[1] In addition, defendant has not demonstrated that this alleged discrepancy was at all material to the rape charge. And defendant has not shown that the government knew that Simmons' testimony was false. Therefore, the claim is without merit.

Defendant also alleges that the government failed to disclose information regarding the debriefing of Ronald Sowells. Defendant has attached to his motion portions of Sowells' testimony at the trial of one of defendant's co-conspirators. Essentially, the transcript pages show that Sowells would not state that he did one of the shootings alleged in the indictment at the direction of the defendant because Sowells was a willing participant. *Id.*, Exhibit E. Sowells did not testify at defendant's trial, but defendant contends that the debriefing information would have contradicted the government's theory about defendant's role in the offense. Since a finding on defendant's role in the offense increased his sentence, defendant claims that Sowells' statements

---

[1] Although neither party directly states the fact, the Court assumes Sparks is a temporary employment agency

4

should have been disclosed.

The failure of the government to disclose to a defendant evidence that is material to either guilt or punishment violates due process. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Evidence is material only where there exists a reasonable possibility that had the evidence been disclosed, the result of the trial would have been different. *Kyles v. Whitley*, 514 U.S. 419, 433-34 (1995); *United States v. Bowie*, 198 F.3d 905, 908 (D.C. Cir. 1999). Defendant must demonstrate that the failure to disclose alleged exculpatory evidence resulted in "a verdict [not] worthy of confidence." *Kyles*, 514 U.S. at 434.

There is no merit to defendant's *Brady* claim. The short portion of testimony provided by defendant is not exculpatory. Sowells simply implicated himself in the conspiracy. He did not exonerate or minimize defendant's role. Moreover, the disclosure of this information, assuming it was known and suppressed by the government, was not material and would not have affected the outcome of the trial. Accordingly, the defendant's §2255 motion will be denied.

A separate order accompanies this Memorandum Opinion.

Thomas F. Hogan, Chief Judge
United States District Court

Date: Jan. 16, 2006