UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 98-71 (BAH) |
| THOMAS FIELDS, | Chief Judge Beryl A. Howell |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

In October 2004, Thomas Fields filed a motion under 28 U.S.C. § 2255 to set aside a series of convictions and the attendant criminal sentence, all stemming from crimes Fields committed as a leader of the "L-Street Crew." *See generally* Def.'s Mot. Vacate, ECF No. 398. In 2006, that motion was denied by the judge then assigned to Fields' case. *See United States v. Fields*, No. 98-cr-71 (TFH), 2006 WL 148739 (D.D.C. Jan. 18, 2006). Thirteen years after that judgment, Fields has filed a new motion, one styled as a "Motion to Reopen Judgment Under Rule 60(b)," asking the Court to revisit the decade-old judgment denying his § 2255 motion. *See generally* Def.'s Mot. Reopen J. ("Def.'s Mot."), ECF No. 465.[1] Despite Fields' styling of his motion, this motion is, in substance, a new motion under 28 U.S.C. § 2255. This Court, however, lacks jurisdiction to entertain a successive § 2255 motion without prior approval from the D.C. Circuit. Therefore, Fields' motion is transferred to the D.C. Circuit, pursuant to 28 U.S.C. § 1631, as the government requests.

---

[1] Fields filed a similar motion in August 2007. *See* Mot. Relief Under Rule 60(b)(2), ECF No. 435. The Court construed that motion as one brought under Federal Rule of Criminal Procedure 33 and denied the motion as untimely. Order (Aug. 3, 2007), ECF No. 434.

1

## I. BACKGROUND

Fields currently is serving a life term, plus 105 years, following convictions on 40 counts of kidnaping, rape, a narcotics conspiracy, a RICO conspiracy, and multiple firearms offenses. Judgment, ECF No. 369. On October 15, 2004, Fields filed the first of several motions under 28 U.S.C. § 2255. *See generally* Def.'s Mot. Vacate. In it, he brought three claims: (1) his sentence exceeded the statutory maximum, Def.'s Mem. Supp. Mot. Vacate at 4–18, ECF No. 398; (2) newly discovered evidence warranted dismissal, or a new trial, for the kidnapping and other weapons charges, *id.* at 18–21; and (3) the attorneys that prosecuted Fields violated the Due Process Clause by suborning false testimony from one witness and by failing to disclose exculpatory evidence obtained from a second source, *id.* at 22–23. As to the false-testimony aspect of the third claim, Fields contended that the government solicited testimony from Yusef Simmons about Simmons' work schedule which the government knew conflicted with Simmons' employment records. In Fields' view, the discrepancy made pieces of Simmons' testimony less credible. *Id.* As to the failure-to-disclose aspect of the third claim, Fields asserted that the government had interviewed Ronald Sowells prior to Fields' trial and, although Sowells did not testify at the trial, Fields believed, based on Sowells' testimony in a separate trial, that Sowells had divulged information suggesting that Fields had a more limited role in the criminal conspiracy than the government theorized. *Id.* at 23. Fields argued that Sowells' information may have assisted Fields at sentencing and thus needed to be disclosed. *Id.*

Each claim was denied. Fields' first claim relied on *Blakely v. Washington*, 542 U.S. 296 (2004), which was issued after Fields' convictions became final. Fields could not benefit from *Blakely* because the Supreme Court's decision was not given retroactive effect. *Fields*, 2006 WL 148739, at *1. Fields' second claim was time barred under Federal Rule of Criminal Procedure

33(b)(1).  *Id.* at *2.  Insofar as the third claim asserted that the government sponsored false testimony, the claim was denied for several reasons.  First, Fields did not establish that Simmons had testified falsely.  *Id.*  Second, Fields did not establish that any discrepancy between Simmons' testimony and documents reflecting Simmons' work schedule was material.  *Id.*  Third, nothing suggested that the government was aware of any discrepancy.  *Id.*  Insofar as the third claim contented that the government withheld Sowells' exculpatory statements, the claim was denied because Sowells' testimony at the separate trial, which was the basis for Fields' belief that Sowells had made helpful statements, was not actually exculpatory.  *Id.* at *3.  Nor was Sowells' testimony material.  *Id.*

The District Court denied Fields' application for a certificate of appealability.  Order (Mar. 7, 2006), ECF No. 429.  The D.C. Circuit did not grant a certificate either.  Order, *United States v. Fields*, No. 06-3039 (D.C. Cir. Sept. 11, 2007).

More than thirteen years after Fields' § 2255 motion was denied, he has moved to reopen the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4), (6).  *See* Def.'s Mot.  Two errors, Fields now argues, infected the integrity of the prior proceedings and deprived him of justice.  First, he should have been permitted discovery under Rule 6(a) of the Rules Governing Section 2255 Proceedings to develop facts in support of his prosecutorial misconduct claim.  Def.'s Mot. at 5–6.  Second, Field claims to have been denied due process because the Court did not follow 28 U.S.C. § 2255(b)'s instruction that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, *grant a prompt hearing thereon*, determine the issues and make findings of fact and conclusions of law with respect thereto." (emphasis

added). An evidentiary hearing, Fields states, was needed to investigate the government's failure to produce exculpatory materials. *Id.* at 7.

The government responded two weeks ago, *see* Gov't's Opp'n to Def.'s Mot. Reopen J. ("Gov't's Opp'n"), ECF No. 468, making Fields' motion now ripe.

## II. ANALYSIS

Federal Rule of Civil Procedure 60(b)(4) permits a court to relieve a party from the burden of a prior judgment if the "judgment is void," while Rule 60(b)(6) allows a court to grant relief from a prior judgment for any justified reasoned not otherwise articulated in the rule. Rule 60(b), as any other rule of civil procedure, applies in habeas proceedings "only to the extent that [it is] not inconsistent with applicable federal statutory provisions and rules." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005) (internal citations omitted). Relevant here, those statutory provisions dictate that a district court may not consider any second or successive petition for relief under 28 U.S.C. § 2255 without prior authorization from a court of appeals. *See* 28 U.S.C. § 2255(h); *see also* 28 U.S.C. § 2244. Given that a Rule 60(b) motion necessarily follows the prior adjudication of a § 2255 motion, Rule 60(b) has a limited role in the context of § 2255 proceedings. A Rule 60(b) motion may be used to "attack[], not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Crosby*, 545 U.S. at 532; *see also United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014) (applying *Crosby* to § 2255 motions).

Quintessential examples of proper Rule 60(b) arguments in this context include that a witness committed fraud on the court or that the court, in denying the § 2255 motion, misapplied a rule that precluded a merits determination, such as "failure to exhaust, procedural default, or statute-of-limitations bar." *Crosby*, 545 U.S. at 532 n.4 & 5; *see also United States v. Rice*, No.

03-cr-441 (RBW), 2019 WL 1778509, at *2 n.2 (D.D.C. Apr. 22, 2019) (recognizing that a Rule 60(b) motion attacking application of a statute of limitations is proper). Conversely, a Rule 60(b) motion that attacks the court's prior resolution of a § 2255 claim on the merits is "similar enough" to a habeas motion that the district court, under 28 U.S.C. § 2244 and 28 U.S.C. § 2255(h), may not consider the motion without prior authorization from the court of appeals. *Crosby*, 545 U.S. at 531–32; *Arrington*, 763 F.3d at 23–24.

Insofar as Fields' pending motion asserts the improper denial of an evidentiary hearing, he contends that "[t]here is no question that a Rule 60(b) motion that alleges that a district court failed to grant an evidentiary hearing in a § 2255 motion is a true 60(b) motion. . . . This is so, because the petitioner is not challenging the merits of the court's original decision, rather the petitioner is challenging the court's procedure." Def.'s Mot. at 7. The government counters that "[a] Rule 60(b) motion that challenges a district court's decision not to hold an evidentiary hearing is a successive habeas petition because it challenges the habeas court's previous ruling on the merits of that claim." Gov't's Opp'n at 30–31. Each position has support from at least one circuit court. *Compare United States v. Vialva*, 904 F. 3d 356, 362 (5th Cir. 2018) (calling motion to revisit denial of an evidentiary hearing a "clearly merits-based attack[]"), *United States v. Washington*, 653 F.3d 1057, 1064 (9th Cir. 2011) (finding that denial of evidentiary hearing did not "constitute an allegation of a defect in the integrity of the proceedings" but rather was merely a request "for a second chance to have the merits determined favorably"), *and In re Lindsey*, 582 F.3d 1173, 1175–76 (10th Cir. 2009) (concluding that decision not to hold evidentiary hearing reflected consideration of the merits of a habeas petition), *with Rowe v. Director, Dep't of Corrections*, 111 F. App'x 150, 151 (4th Cir. 2004) (holding that motion alleging that "district court erred by failing to conduct an evidentiary hearing before denying

Rowe's § 2254 petition . . . constituted a true Rule 60(b) motion" because it "asserted a defect in the collateral review process itself").[2]

Of the circuit courts to address this issue, only the Tenth Circuit has explained the basis of its ruling. That court concluded that when the district court's denial of an evidentiary hearing is the *result* of a merits determination, as is true when a district court judge rules that a "§ 2255 motion should be denied without an evidentiary hearing because the record conclusively shows that defendant is not entitled to relief on his claims," then "there could be no error in denying an evidentiary hearing unless the district court made an incorrect merits determination." *In re Lindsey*, 582 F.3d at 1175–76. The Tenth Circuit limited the scope of its decision, stating that its ruling did not mean that all "Rule 60(b) motion[s] claiming an erroneous denial of an evidentiary hearing in a § 2255 or § 2254 proceeding" are inherently "a disguised attack on the merits." *Id.* at 1176 n.1.[3]

The Tenth Circuit's analysis is sound. Both 28 U.S.C. § 2255(b) and Rule 4(b) of the Rules Governing Section 2255 Proceedings permit a judge to dismiss a § 2255 motion without holding an evidentiary hearing if the record is clear that the motion is meritless. *United States v.*

---

[2] District courts also have not reached a consensus on this issue. *Compare, e.g.*, *McCurdy v. United States*, No. 06-cr-80 (JAW), 2016 WL 1170970, at *2 (D. Me. Mar. 24, 2016) (treating Rule 60(b) motion based, in part, on failure to hold an evidentiary hearing as "effectively a § 2255 petition") *and Brooks v. United States*, No. 3:05-cv-0163, 2014 WL 2481824, at *6 (S.D. W.Va. June 3, 2014) (finding that Rule 60(b) motion complaining of failure to hold an evidentiary hearing was "nothing more than a successive § 2255 motion") *with, e.g.*, *Abdul-Latif v. United States*, No. C13-1715 (JLR), 2019 WL 141956, at *1 (W.D. Wash. Jan. 9, 2019) (treating argument about denial of evidentiary hearing as properly made under Rule 60(b)) *and Graves v. Smith*, 811 F. Supp. 2d 601, 607 (E.D.N.Y. 2011) (treating claim that petitioner was denied full evidentiary hearing as procedural, and thus properly brought under Rule 60(b)).

[3] In *United States v. Sears*, the Tenth Circuit treated a motion in which the petitioner argued that failing to hold an evidentiary hearing for a § 2255 motion constituted the denial of due process as a motion properly presented under Rule 60(b). 396 F. App'x 491, 493 (10th Cir. 2010). That decision, however, did not address *In re Lindsey*, the same circuit's precedential decision from a year earlier. Additionally, *In re Lindsey*, and not *Sears*, has controlled in subsequent decisions from the Tenth Circuit. *See Deloge v. Warden, Wyoming Medium Corr. Inst.*, No. 18-8091, 2019 WL 1199171, at *3 (10th Cir. Mar. 13, 2019) (citing *In re Lindsey* to conclude that reasonable jurists could not debate that a Rule 60(b) motion premised on the denial of an evidentiary hearing attacks the merits of the court's prior decision).

*Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996). When forgoing an evidentiary hearing reflects a determination of the § 2255 motion's merit, any Rule 60(b) motion claiming the improper denial of an evidentiary hearing cannot be disentangled from the merits. In such a case, a Rule 60(b) motion is, in effect, a successive § 2255 motion.

Here, the opinion denying Fields' § 2255 motion did not expressly state why an evidentiary hearing was not held. Yet, the opinion exhibits that forgoing an evidentiary hearing reflected an assessment of the merits of Fields' third claim—the only claim which did not encounter a procedural bar. Specifically, the district court judge explained that the factual predicates for the claim—that Simmons' testimony was false and that Sowells had divulged exculpatory information—were unsubstantiated. *Fields*, 2006 WL 148739, at *2–3. Additionally, neither witnesses' statement was material. *Id.* Finally, assuming Simmons' testimony was false, nothing in the record showed that the government had prior knowledge. *Id.* at *2. Given that assessment of the merits, the motion could be denied under 28 U.S.C. § 2255(b) based exclusively on the "parties' submissions and relevant portions of the record." *Id.* at *1. Therefore, insofar as Fields' Rule 60(b) motion claims an unfair proceeding due to the lack of an evidentiary hearing, that position seeks to revisit the merits of his underlying claim under § 2255. This Court lacks jurisdiction to do so.

Nor does the Court have jurisdiction to consider reopening the judgment denying Fields' § 2255 motion because no discovery was conducted. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6(a) of Rules Governing Section 2255 Proceedings, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure . . . ." Here, "good cause" means

7

"specific allegations" that give the court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09. *Bracy*, as well as Rule 6(b) of the Rules Governing Section 2255 proceedings, which states that "[a] party requesting discovery must provide reasons for the request," contemplate that the habeas petitioner carries some burden to establish that discovery is merited.

Given the good-cause barrier to discovery, the Tenth Circuit has held that a claim that discovery was improperly denied works to undermine a prior merits decision. *See Deloge v. Warden, Wyoming Medium Corr. Inst.*, No. 18-8091, 2019 WL 1199171, at *3 (10th Cir. Mar. 13, 2019) ("The fact that he couched his claims in procedural terms by challenging the habeas court's decision not to allow additional discovery . . . does not change the fact that at base, his current claims, like his original claims, challenge the legality and constitutionality of his sentence and sought the return of the seized property."). Therefore, Rule 60(b) is not the proper vehicle to present arguments about the denial of a discovery request in a habeas proceeding.

Yet, Fields did not request discovery for the § 2255 motion that he now seeks to revisit. *See generally* Def.'s Mot. Vacate. Therefore, the absence of discovery does not reflect any determination of the merits of the claim for which Fields sought discovery. Still, Fields' prior failure to request discovery dooms his Rule 60(b) motion all the same. When a Rule 60(b) motions attacks a defect that was, in fact, "based on the movant's own conduct, or his habeas counsel's omissions," that motion "ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits favorably determined." *Crosby*, 545 U.S. at 532 n.5; *see also Post v. Bradshaw*, 422 F.3d 419, 424–25 (6th Cir. 2005) (citing *Crosby* for conclusion that new request for discovery made in Rule 60(b) is "clearly a second or successive habeas petition"). Here, too, Fields' assertion that, in the absence of discovery, the integrity of

his prior habeas proceeding was comprised, is a disguised effort to relitigate the habeas petition. Without the D.C. Circuit's permission, this Court does not have jurisdiction to consider that argument.

The government asks that, rather than deny Fields' motion, the motion should be transferred, under 28 U.S.C. § 1631, to the D.C. Circuit. Indeed, that statute dictates that "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631. That course has been followed when a successive habeas petition is filed in the district court and the government requests that the motion be transferred to a court of appeals. *United States v. Mitchell*, 953 F. Supp. 2d 162, 165 (D.D.C. 2013); *see also Williams v. Gonzales,* 567 F. Supp. 2d 148, 150 (D.D.C. 2008). Here, a *pro se* petitioner has filed his motion in the wrong court. He should be afforded the opportunity to have the motion considered in the proper court, especially since the government does not oppose—and in fact has suggested—that a transfer is the proper resolution.

### III.   CONCLUSION

For the foregoing reasons, it hereby

**ORDERED** that the Motion to Reopen Judgment Under Rule 60(b), ECF No. 465, which is in fact a successive motion under 28 U.S.C. § 2255, is **TRANSFERRED**, pursuant to 28 U.S.C. § 1631, to the D.C. Circuit.

Date: May 9, 2019

_____
BERYL A. HOWELL
Chief Judge